UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | 3:CR-22-190 |
| **JAMES P. ABRAMS,** | : | (JUDGE MANNION) |
| **Defendant** | : | |

**MEMORANDUM**

Before the court are the parties' briefs on the issue of whether legal fees are recoverable under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. §3663A, and, if so, whether the government has established that the legal fees they seek to recover in this case were necessary expenses of the victims incurred during the government's investigation or prosecution of the defendant. (Doc. 131, 146).

On June 20, 2023, the defendant, James P. Abrams, was convicted after a jury trial of various fraud, identity theft, money laundering, obstruction of justice, and false statement offenses. Subsequently, on May 15, 2024, the defendant was sentenced to seventy-two months of imprisonment and three years of supervised release. In addition, the defendant was ordered to pay restitution in the amount of $1.1 million to the victims of his fraud. The court held in abeyance a decision on the

request by three victims, Bingtech Ventures LLC ("Bingtech"), Albert Nocciolino, and Elizabeth Koffman[1], for attorneys' fees in relation to restitution pending briefing by the parties. Those briefs have now been filed (Docs. 131, 146), along with unredacted invoices by the attorneys representing the requesting individuals (Docs. 109-21, 132-41).

In his opposition to restitution for legal fees, the defendant initially argues that legal fees are not recoverable under 18 U.S.C. §3663A(b)(4) as a matter of law because they are not specifically listed as a reimbursable expense.[2] In so arguing, the defendant relies upon *Lagos v. United States*, 584 U.S. 577 (2018) and *United States v. Koutsostamatis*, 956 F.3d 301 (5th Cir. 2020). This court has recently considered both cases in relation to whether legal fees are recoverable under the MVRA. *See United States v. Evans*, 2023 WL 7221350 (M.D.Pa. Nov. 2, 2023). The court found *Lagos* distinguishable in that it involved expenses incurred *before* the government investigation began, as opposed to the

---

[1] The defendant does not challenge that Bingtech, Mr. Nocciolino and Ms. Koffman are victims under the MVRA.

[2] The MVRA requires a defendant to "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during the participation in the investigation or prosecution of the offense." 18 U.S.C. §3663A(b)(4).

expenses in *Evans* which were incurred *after* the government investigation began. *Id.* at *3. As in *Evans*, the expenses sought in this case were incurred after the government investigation began. Moreover, although the court in *Koutsostamatis* found that digital security team expenses incurred by the victim during participation in a FBI wire fraud investigation did not constitute "'other expenses' within the meaning of [the MVRA], since they were not remotely similar to listed expenses of lost income, child care, or transportation," *Koutsostamatis* was found non-binding on this court. *Id.* Instead, the court looked to *United States v. Dodd*, 978 F.Supp.2d 404 (M.D.Pa. 2013), wherein Judge Sylvia Rambo rejected an argument similar to the one raised both in *Evans* and herein noting "[d]efendant's argument assumes the existence of a bright-line rule prohibiting restitution for attorney's fees. Such a rule does not exist." *Id.* (quoting *Dodd*, 978 F.Supp.2d at 422). Further, this court agreed that "the proper question is not whether attorney's fees can be the subject of an award, but whether the attorney's fees incurred were a loss directly resulting from the offense, or a consequential loss." *Id.* (quoting *Dodd, supra.*). In finding that the victim in *Evans* was directly and proximately harmed by the defendant's criminal conduct, this court found the victim

was entitled to recover the legal fees it incurred during the government's investigation into the defendant's criminal conduct under the MVRA.

With the above in mind, assuming legal fees are recoverable under the MVRA, the defendant argues that the government has not demonstrated that the legal fees for which restitution is sought were necessary expenses of the victims incurred during the government's investigation or prosecution of the defendant or attendance at the criminal proceedings related to his offenses. (Doc. 131, pp. 7-17).

In considering this argument, as presented by the government and not challenged by the defendant, in or about November 2018, the United States served grand jury subpoenas on Bingtech, Mr. Nocciolino and Ms. Koffman compelling the production of documents and testimonial information in relation to the government's investigation of the defendant. Subsequently, the United States served trial subpoenas on Mr. Nocciolino and Ms. Koffman, as well as a number of current and former employees of Bingtech and its associated entity, the Binghamton University Foundation. The court has reviewed each of the invoices submitted *in camera* for the legal fees sought in this matter by Bingtech (Docs. 132-141), Mr. Nocciolino (Docs. 115-121), and Ms. Koffman (Docs. 109-114), as well as the sworn declarations submitted by Bingtech's attorney

4

relating to Bingtech's request for restitution (Docs. 146, Exs. 1-3). In doing so, the court finds that the legal fees incurred by each of these victims were related to the government's enforcement activities which directly resulted from the defendant's criminal conduct. As a result, the court will order the defendant to pay $91,588.00[3] in attorney's fees to Bingtech Ventures LLC, $4,175.00 in attorney's fees to Albert Nocciolino, and $3337.50[4] in attorney's fees to Elizabeth Koffman.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: October 11, 2024**
22-190-01

---

[3] Although the invoices for legal fees submitted *in camera* for Bingtech total $92,794.88, the government seeks only the rounded amount represented in the third of Bingtech's sworn declarations (Doc. 146, Ex. 3), that being $91,588.00

[4] Although the government seeks $5,100.00 in attorney's fees for Ms. Koffman, the invoices filed under seal on her behalf, which were to demonstrate the actual loss suffered by the victim, total $3,337.50. Therefore, the court will order restitution in that amount.